UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DEVIN MICHAEL QUIRK,                              Case No. 6:23-cv-01609-MK

　　　　　　Plaintiff,                            **OPINION AND ORDER**

　　　v.

MARION COUNTY JAIL; MARION
COUNTY SHERIFF'S OFFICE; JOHN
DOE DEPUTIES; and JAIL COMMANDER,

　　　　　　Defendants.
_____

**KASUBHAI, Magistrate Judge.**

　　　Plaintiff, an adult in custody (AIC) with the Oregon Department of Corrections, filed suit under 42 U.S.C. § 1983 and alleged that Marion County Jail officials violated his federal constitutional rights in numerous respects when he was housed as a pretrial detainee. Defendants now move for summary judgment on all claims and the parties have consented to final resolution by magistrate judge. Upon review of the parties' submissions, Plaintiff fails to raise a genuine issue of material fact to defeat summary judgment, and Defendants' motion is GRANTED.

## DISCUSSION

　　　Between November 2022 and April 2024, Plaintiff was housed at the Marion County Jail as a pretrial detainee and placed in protective custody for most of his incarceration. Ramsey Decl. ¶ 5 (ECF No. 8); Pl.'s Mot. for Extension of Time (ECF No. 11). Plaintiff alleges that

**- 1 -    OPINION AND ORDER**

during that time, Marion County Jail officials subjected him to unconstitutional conditions of confinement by: 1) requiring Plaintiff to pay for entertainment applications and overcharging him for commissary items; 2) confining Plaintiff to his cell for up to twenty-two hours per day; 3) limiting Plaintiff's internet access and telephone usage, thus hindering his ability to prepare a defense; 4) prohibiting Plaintiff from attending religious services; 5) failing to provide adequate kosher meals; and 6) limiting Plaintiff's access to the law library and failing to provide adequate legal supplies. *See* Pl.'s Compl. (ECF No. 4-1 at 3-8).

Defendants move for summary judgment on grounds that Plaintiff did not complete the grievance process for any of his claims and failed to exhaust his available administrative remedies. Alternatively, Defendants argue that Plaintiff's claims fail on the merits.

To prevail on their motion, Defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."). Defendants must present evidence of record, together with affidavits, if any, that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If Defendants meet this burden, the burden shifts to Plaintiff to demonstrate the existence of a genuine issue of fact for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see* Fed. R. Civ. P. 56(c)(1).

The Court must construe the evidence and all reasonable inferences in favor of Plaintiff, the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986). The Court "does not weigh the evidence or determine the truth of the matter, but only determines

**- 2 -    OPINION AND ORDER**

whether there is a genuine issue for trial." *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec*, 475 U.S. at 587 (citation and quotation marks omitted).

### A. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), AICs must exhaust all available administrative remedies before filing a federal action to redress prison conditions or incidents. *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"). The exhaustion requirement is mandatory and requires compliance with both procedural and substantive elements of the facility's administrative process. *Woodford v. Ngo,* 548 U.S. 81, 85, 90 (2006). An AIC must exhaust all available grievance remedies before filing a § 1983 complaint, including appealing grievance decisions to the highest level. *Jackson v. Fong*, 870 F.3d 928, 933 (9th Cir. 2017).

If the defendant shows that the plaintiff did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. This burden is met when the plaintiff shows that he or she took "reasonable and appropriate steps" to pursue administrative

- 3 -   **OPINION AND ORDER**

remedies, but that prison officials interfered with the plaintiff's attempts to exhaust or failed to follow correct grievance protocol. *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010).

The Marion County Jail employs a Grievance Procedure as set forth in the Marion County Sheriff's Handbook for Adults in Custody. Ramsey Decl. ¶ 7 & Ex. B at 15. Under this Procedure, AICs may file a grievance "to resolve issues and disputes" at the Jail. *Id.* Ex. B at 15. Prior to filing a formal grievance, an AIC "must attempt to verbally resolve the problem with a Deputy" and if the problem cannot be resolved, the AIC "may request a grievance form, fill it out with the required information [] and give it to a Deputy." *Id.* An AIC must file a formal grievance within thirty days of the "grieved incident," and the "involved employee" must respond within seven calendar days. *Id.* If the AIC is dissatisfied with the employee's response, the AIC may submit a written appeal to the "employee's supervisor." *Id.* If the appeal response remains unsatisfactory, the AIC may submit a second written appeal to the lieutenant and a final written "request for review" to the Jail Commander or designee. *Id.*

According to the evidence presented by Defendants, Plaintiff submitted grievances regarding the time spent in his cell, access to the law library and internet sites, and the lack of religious programs, and he completed three levels of administrative review for several of these grievances. Ramsey Decl. ¶¶ 15-16, 20, 24 & Ex. C at 2-4, 11, 24-26.[1] However, Plaintiff did not complete the appeal process by seeking review with the Jail Commander or a designee.

Plaintiff contends that he "tried to appeal" his grievances to the Jail Commander, but that they were "intercepted" by a sheriff's deputy to prevent him from completing the grievance process. Pl.'s Response at 5-7 (ECF No. 16). Although Plaintiff presents no other evidence to

---

[1] Plaintiff also submitted grievances regarding disciplinary actions, his custody classification, and food portions, but he did not allege § 1983 claims on these grounds.

support his assertion, this Court cannot make credibility determinations on summary judgment. Accordingly, questions of fact remain with respect to the exhaustion of Plaintiff's claims alleging inadequate access to the law library and internet, the time spent in his cell, and the inability to attend religious services.

Plaintiff did not submit grievances regarding the cost of commissary items or entertainment applications, the size of his cell, his telephone usage, or the adequacy of kosher meals. *See generally* Ramsey Decl. Ex. C. Accordingly, summary judgment is granted on these claims for failure to exhaust available administrative remedies.

## B. Merits of Plaintiff's Claims

### 1. Access to the Law Library and Legal Materials

Plaintiff alleges that Marion County Jail officials did not allow indigent AICs, such as Plaintiff, adequate access to the law library or internet sites and did not provide adequate legal supplies. Plaintiff argues that he needed such access and materials to conduct research and assist in his defense.

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828 (1977). However, "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance" but one of access; this right "guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey,* 518 U.S. 343, 351, 356 (1996); *see also Phillips v. Hurst,* 588 F.3d 652, 655-56 (9th Cir. 2009) (discussing the "limited" nature of the right recognized in *Bounds)*. Generally, access to a court-

- 5 -     **OPINION AND ORDER**

appointed attorney satisfies the obligation to provide AICs with meaningful access to the courts. *See Lindquist v. Idaho State Bd. Of Corr.,* 776 F.2d 851, 855 (9th Cir. 1985) (holding that "a prison must provide inmates with access to an adequate law library or, *in the alternative,* with adequate assistance from persons trained in the law") (emphasis in original); *see also United States v. Wilson,* 690 F.2d 1267, 1272 (9th Cir. 1982) (holding that court-appointed counsel satisfied the "obligation to provide meaningful access to the courts"); *Smith v. Cty. of Santa Clara,* 223 Fed. App'x 701, 702 (9th Cir. Mar. 1, 2007).

Plaintiff does not dispute that he had appointed defense counsel while he was a pretrial detainee. Further, Marion County Jail policy permits AICs housed in protective custody, such as Plaintiff, to request "legal materials, research guidance and supplies permitted in these respective housing units in writing through regular AIC request procedures." Ramsey Decl. Ex. E at 2. The record also reflects that Jail officials responded to Plaintiff's numerous queries for legal materials and provided the requested materials when they were available. *See generally id.* Ex. F. Based in this evidence, Marion County did not infringe on Plaintiff's right of access to the courts.

Plaintiff nonetheless argues that the public defender "crisis"' in Oregon required Marion County Jail officials to provide unlimited access to the internet, increased time in the law library, and additional telephone privileges. Pl.'s Response at 8-9. However, Marion County's obligation to provide adequate access to the courts is not defined by the efficacy of the Oregon public defender system, and the record reflects that Plaintiff had the assistance of appointed counsel and reasonable access to legal materials.

Accordingly, Plaintiff fails to raise a genuine issue of material fact, and summary judgment is granted on this claim.

**- 6 -    OPINION AND ORDER**

## 2. Confinement in Cell

Plaintiff also alleges that Defendants confined him in a small cell for up to twenty-two hours per day and limited his opportunities for recreation and other activities in violation of his due process rights. Plaintiff argues that he was confined as "punishment" because he could not afford to post bail. Pl.'s Response at 7.[2]

Under the Fourteenth Amendment's Due Process Clause, pretrial detainees have a right against jail conditions that "amount to punishment." *See Pierce v. Cty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008). "For a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action must be to punish the detainee." *Demery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir. 2004). An objective standard applies to conditions of confinement claims brought under the Fourteenth Amendment. *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). "This requires showing at least reckless disregard for inmates' health or safety." *Norbert v. City & Cty. of San Francisco*, 10 F.4th 918, 928 (9th Cir. 2021).

The record reflects that Plaintiff was housed in protective custody for safety reasons due to the nature of the charges against him, which included multiple counts of rape, sexual abuse, and sodomy involving a minor victim. Ramsey Decl. Ex. A at 2-3. Based on this housing classification, Plaintiff apparently was prohibited from attending general population group activities. *See id.* Ex. C at 24. Given the purpose of his classification, Plaintiff fails to show that Marion County Jail officials subjected him to additional confinement as a form of punishment.

---

[2] In response to Defendants' Motion for Summary Judgment, Plaintiff also argues that he should have been released after his arrest and takes issue with the imposition of bail. *See* Pl.'s Response at 10, 13-18, 22-24. Plaintiff's Complaint did not allege a claim on this ground, and claims regarding the legality of Plaintiff's pretrial detention must be raised in a petition for writ of habeas corpus rather than a § 1983 action.

Further, nothing in the record suggests that Defendants deprived Plaintiff of exercise or denied him access to other recreational activities. *See* Ramsey Decl. Ex. 3 at 11, 15 (reflecting that Plaintiff had access to the recreational yard and dayroom). To the contrary, it is undisputed that Plaintiff was released from his cell for least two hours each day, an amount of time that falls within constitutional mandates. *See Pierce*, 526 F.3d at 1212-13 (citing court decisions that require detainees to be provided exercise and dayroom activities between two hours per week to two hours per day).

Accordingly, Defendants are entitled to summary judgment on this claim.

### 3. Religious Services

Finally, Plaintiff claims that Defendants violated his rights to religious freedom by prohibiting him from attending religious services. As an accused sex offender, Plaintiff was housed in protective custody for his safety, and as noted above, AICs in protective custody are prohibited from attending group population religious services. *See* Ramsey Decl. Ex. C at 24.

To sustain this claim, Plaintiff must present evidence plausibly suggesting that Defendants "substantially burdened" the practice of his religion. *Jones v. Williams,* 791 F.3d 1023, 1031 (9th Cir. 2015); *Shakur v. Schiro*, 514 F.3d 878, 884 (9th Cir. 2008). A substantial burden is one that has "a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Jones*, 791 F.3d at 1031-32 (citations omitted).

Plaintiff presents no evidence that his exercise of religion was substantially burdened. Even if Plaintiff's housing classification prevented him from attending general population religious services, Marion County Jail policies permit AICs to request religious materials and visitors, including clergy. Ramsey Decl. Ex. G at 1. Plaintiff does not allege that Defendants

**- 8 -    OPINION AND ORDER**

denied his requests for religious materials or visitors, and he presents no evidence suggesting that Marion County Jail officials otherwise burdened or restricted his religious practices. *See* Ramsey Decl. Ex. F at 40 (reflecting that jail officials provided Plaintiff with the name and address of a rabbi in response to his request). Instead, Plaintiff relies on unsupported and conclusory assertions, and it is well established that "mere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Comty. College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996).

Accordingly, Plaintiff fails raise a genuine issue of material fact to defeat summary judgment on this claim.

<u>CONCLUSION</u>

For the reasons explained above, Defendants' Motion for Summary Judgment (ECF No. 7) is GRANTED on all claims and this action is DISMISSED.

DATED this <u>23rd</u> day of October 2024.

<u>s/ Mustafa T. Kasubhai</u>
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge

**- 9 -    OPINION AND ORDER**